United States District Court
Southern District of Texas
**ENTERED**
December 01, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHANIE FINDLEY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-2699 |
| | § | |
| ALLIED FINANCE ADJUSTERS | § | |
| CONFERENCE, INC., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff Stephanie Findley's ("Findley") motion for remand. Dkt. 12. Having considered the motion, response, reply, and applicable law, the court is of the opinion that the motion should be GRANTED and this case should be REMANDED to the 190th Judicial District Court of Harris County, Texas.

**I. BACKGROUND**

Defendant Allied Finance Adjusters Conference, Inc. ("Allied") is a not-for-profit trade association that provides training and education to recovery professionals, who locate and repossess collateral on behalf of lending institutions. Dkt. 1-1 at 13. Findley is a member of Allied and has served in various leadership roles. *Id.* at 13-14. Most recently, she was elected to the position of Executive Secretary for her second term. *Id.* at 14. Findley's position as Executive Secretary is published in Allied's member directory and on Allied's website, both of which are used by financial institutions nationwide. *Id.* During Findley's recent term as Executive Secretary, defendant George Badeen ("Badeen"), the president of Allied, removed Findley from her position and deleted Findley's name and picture from Allied's website. *Id.*

On August 20, 2015, Findley filed a petition for declaratory and injunctive relief against Allied and Badeen (collectively, "Defendants") in the 190th Judicial District Court of Harris County, Texas. *Id.* at 12-17. Findley alleges that Allied's bylaws provide specific conditions under which an elected person may be removed from her position, and those conditions were not met in her case. *Id.* at 14-15. According to Findley, Defendants have refused to provide her with any information that supports her removal. *Id.* at 14.

Findley states that membership in Allied carries significant value and prestige in the recovery industry and that her official position with Allied has granted her trust and respect from her clients and colleagues. *Id.* at 15. She alleges that her reputation will be irreparably tarnished if her removal is allowed to stand. *Id.* Findley brings claims for (1) a declaratory judgment that Defendants have violated Allied's bylaws; (2) a determination that Defendants' violation of the bylaws constitutes a breach of contract; and (3) injunctive relief restoring her to the position of Executive Secretary, preventing Defendants from notifying anyone of her removal, and prohibiting Defendants from removing any references to her position from the records of the organization. *Id.* at 15-16. She also requests reasonable attorney's fees. *Id.* at 16.

On September 16, 2015, Defendants removed the case to this court on the basis of diversity jurisdiction. Dkt. 1. On October 8, 2015, Finley filed the pending motion to remand. Dkt. 12.

## II. LEGAL STANDARD AND ANALYSIS

A party may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441 (2012). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). This statutory right to removal is strictly construed because "removal jurisdiction raises significant federalism concerns." *Id.* (citations omitted). "[A]ny doubt

2

about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Defendants claim removal jurisdiction based on diversity of citizenship. Dkt. 1 ¶ 4. Subject matter jurisdiction premised on diversity requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332 (2012). The parties agree that complete diversity of citizenship exists in this case. Dkt. 1 ¶ 4; Dkt. 12 ¶¶ 1-2. The only disputed issue is whether the amount in controversy requirement is satisfied.

Where removal is based on diversity of citizenship, the good faith demand in the initial pleading constitutes the amount in controversy, except that

> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>   (i) nonmonetary relief; or
>   (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2) (2012). Here, Findley seeks solely declaratory and injunctive relief. Dkt. 12 ¶ 15. Further, Texas state law does not permit a demand for a specific sum. Tex R. Civ. P. 47; *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The Fifth Circuit has set forth the proper approach to this situation:

> In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. The district court must first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. If it is not

3

> thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.

*St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Defendants must prove that it is "more likely than not" that the value of the claim will exceed the jurisdictional amount in order to meet their preponderance of the evidence burden. *Id.* at 1253 n.13. The jurisdictional facts supporting removal are judged at the time of removal. *Allen*, 63 F.3d at 1335.

Therefore, the court begins by looking to Findley's complaint. In cases where a party seeks injunctive or declaratory relief, the amount in controversy is determined by "the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (citation omitted). In her complaint, Findley indicates that membership in Allied carries significant value and prestige and that her position with Allied has bolstered her reputation in the recovery industry. Dkt. 1-1 at 13, 15. She claims that her reputation will be irreparably tarnished if her removal is allowed to stand. *Id.* at 15. The value of Findley's position with Allied is indeterminate. The court cannot say, merely from reading her complaint, that it is "facially apparent" that the injury associated with her removal from Allied is so costly as to clearly satisfy the amount in controversy requirement.

Defendants argue, however, that Findley's complaint effectively states that the value of her claims exceeds the jurisdictional amount. Dkt. 18 ¶¶ 2-3. In Findley's complaint, she pled that she was seeking monetary relief of "$100,000 or less." Dkt. 1-1 at 12. Defendants cite this fact in support of their position that the amount in controversy requirement is satisfied. Dkt. 18 ¶ 2. However, Texas Rule of Civil Procedure 47 specifically requires the plaintiff to plead into one of five monetary categories, of which "$100,000 or less" is the lowest. Tex. R. Civ. P. 47. Nonetheless, Defendants argue that Findley should have pled instead that she was seeking less than

4

$75,000. *Id.* ¶ 3. This manner of pleading likely would have violated Texas law. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1407 (5th Cir. 1995) (finding that plaintiffs' specific allegation that their demand did not exceed the jurisdictional amount appeared to violate Rule 47). Further, the civil case information sheet, which Findley was required to submit with her state court petition, did not allow her to select a monetary category outside of those set forth in Rule 47. Dkt. 1-1 at 10. The mere fact that her complaint tracks the explicit terms of Rule 47 is not sufficient to establish that the amount in controversy requirement is satisfied.

Defendants also argue that Findley should have filed a binding stipulation document with her complaint stating that she would not accept an award in excess of $75,000. Dkt. 18 ¶ 3. In some situations, courts have indicated that a plaintiff must have filed a binding stipulation document to avoid removal. *See De Aguilar*, 47 F.3d at 1411-12 (holding that, where defendant proves that the amount in controversy exceeds the jurisdictional amount and no state statute limits the plaintiff's recovery, the plaintiff must have filed a binding stipulation document with her complaint to prevent removal). As discussed below, however, Defendants have not proven that the amount in controversy exceeds the jurisdictional amount. Further, Findley seeks only declaratory and injunctive relief. Therefore, a stipulation limiting her recovery of monetary damages would serve a limited function in this case.

Because it is not facially apparent that the value of Findely's claims exceed the jurisdictional amount, the court turns to evidence submitted by the parties to ascertain the amount in controversy. The evidence submitted focuses on the subject of attorney's fees. In support of federal jurisdiction, Defendants have submitted an affidavit from their counsel indicating that discovery will be "complex and expensive" and that "attorney's fees on both sides will easily exceed $100,000.00 before this case is tried to a verdict." Dkt. 18, Ex. A ¶¶ 3, 8. In response, Findley's counsel has also filed an

5

affidavit, stating that discovery will be "relatively simple" and that attorney's fees "will not exceed $50,000.00 before this case is tried to a verdict." Dkt. 21, Ex. A ¶¶ 3,7.

Attorney's fees may be considered as part of the amount in controversy where those fees are provided by state statute. *Needbasedapps, LLC v. Robbins*, 926 F. Supp. 2d 919, 929 (W.D. Tex. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Here, Texas law provides for the recovery of attorney's fees in breach of contract actions. Tex. Civ. Prac. & Rem. Code. Ann. § 38.001. Texas case law indicates that an award of statutory attorney's fees may be appropriate even where no monetary damages are proven and the relief granted is solely equitable. *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787, 796-97 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (rejecting the argument that plaintiff was required to obtain monetary damages to be entitled to attorney's fees under section 38.001, and awarding attorney's fees to plaintiff who obtained only a permanent injunction); *Williams v. Compressor Eng'g Corp.*, 704 S.W.2d 469, 474 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (finding that plaintiff was entitled to attorney's fees under section 38.001 for successfully prosecuting a claim by obtaining an injunction, even though no monetary recovery was awarded). There is some dispute about whether it is appropriate to consider *future* attorney's fees as part of the amount in controversy analysis. Some courts have held that these expenses should not be included in the amount in controversy. *See, e.g.*, *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 (7th Cir. 1998) (finding that attorney's fees that occurred after the date the case was filed were irrelevant to the amount in controversy). However, the Fifth Circuit has indicated that potential attorney's fees can be considered in determining the amount in controversy. *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873 (5th Cir. 2002) (holding that, where Louisiana statute provided for award of attorney's fees, the calculation of the amount in controversy should include potential attorney's fees);

*Greenberg*, 134 F.3d at 1252-53 (applying Texas Civil Practice and Remedies Code section 38.001, and finding that the amount in controversy includes potential attorney's fees).  Therefore, the court will consider the expected attorney's fees in this case.

The evidence presented as to the amount in controversy is essentially limited to two contradictory affidavits on the subject of potential attorney's fees.  Defendants have not produced evidence or identified facts to support a valuation of Findley's membership in Allied, the subject of this litigation.  Defendants have simply pointed to Findley's statements in her complaint that her membership in Allied is prestigious, valuable, and important to her reputation.  Dkt. 18 ¶ 5.  Conclusory statements about potential attorney's fees and the high value that Findley places on her membership in Allied are not sufficient to confer federal jurisdiction.  *See Allen*, 63 F.3d at 1335 ("Removal, however, cannot be based simply upon conclusory allegations.").  The court finds that Defendants have not met their burden to prove by a preponderance of the evidence that the amount in controversy requirement is satisfied. *See Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993) (holding that plaintiffs were entitled to remand where defendant did not offer any facts to support a valuation of plaintiffs' claims), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998), *rev'd on other grounds*, 526 U.S. 574 (1999); *cf. Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 829 (6th Cir. 2006) (holding that, where defendants pointed to no evidence in the record estimating the cost of complying with the requested injunction, defendants failed to satisfy a threshold requirement for invoking federal jurisdiction and did not meet their preponderance of the evidence burden).  Because there is doubt about whether federal jurisdiction exists, the court is required to remand the case.  Therefore, Findley's motion to remand is GRANTED.

### III. CONCLUSION

Findley's motion to remand (Dkt. 12) is GRANTED. This case is REMANDED to the 190th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on December 1, 2015.

_____
Gray H. Miller
United States District Judge